Deadekicic, Olí. J.,
delivered the opinion of the court:
These five cases were consolidated and heard together in the chancery court at Memphis. And from the decree, pronounced in favor of complainants, the defendants have appealed to this court.
The bill first named was filed 27th of August, 1867, and *177 the last named on 19tb of October, 1869, tlie others at intermediate dates.
The complainants allege that they are creditors of defendant, li. B. Hawley, and seek to set aside conveyances made on 19th of April, 1862, by Hawley to Amis, and by Amis to Hawley’s wife, of certain real estate in Memphis, and have the same subjected to the payment of their several debts, upon the ground that said conveyances were voluntary and fraudulent.
It is conceded that the conveyance from Hawley to Amis, and from him to Mrs. Hawley were without any valuable consideration, and were intended to effect a settlement of the property conveyed by the husband upon his wife and children.
The only question is, was Hawley’s pecuniary condition such, at the. date of the settlement, that he could withdraw from his estate the property conveyed, without prejudice to the right of existing creditors.
The property conveyed to Mrs. Hawley is estimated to be worth from $12,000 to $14,000, consisting in a house and lot on Third street and a half interest in a house and lot corner of Main and Poplar streets.
Hawley ivas a merchant in Memphis, doing business under the name of B,. B. Hawley & Co., for many years previous to April 19, 1862, the date of the settlement, up to some time in the year 1867, when he failed in business.
On the 9th of January, 1862, Brooks, his bookkeeper, made a balance sheet, showing the assets and liabilities of Hawley, showing this result: Assets, $72,225.49; liabilities, $20,644.48. In the list of assets is included, cash, $7,486.84; merchandise, $8,993.93; negroes, $3,175; real estate, $33,700; bills receivable, $28,299.24; accounts due him, $10,070.17. The liabilities are stated to be, bills payable, $18,672.06; accounts due, $1,897.42, showing an excess of assets over liabilities, $51,581.
The real estate, stated as assets, at $13,700, is that eon- *178 veyed to tlie wi £e, and should, of course, be deducted from the balance stated, leaving- $37,881 of excess of assets over liabilities, according to the statement of 9th of January, 1862, and the bookkeeper states that lie was familiar with the business of IIa,wley, and that the statement was. correct, and if there was any change in the affairs of the concern from that time until he left, 12th of June, 1862, it was in Hawley’s favor.
In addition to the assets stated in the balance sheet, it appears that Hawley owned in the city of Memphis, on 19th of April, 1862, 2 93-100 acres, estimated to be worth at that time about $20,000, and sold by him in lots from 1865 to 1867, for about $19,000; also, another lot in said city of Memphis, worth from $3,000 to $4,000, according to the balance sheet, and the estimated value of these two lots, the defendant Hawley’s assets exceeded his liabilities at the time the settlement was made, $60,881.
We infer .from the evidence that all, or nearly all, of the debts due from Hawley, on the 19th of April, 1862, were included in the $20,500 of liabilities charged against him in the balance sheet, including those sued upon in these cases in which he was primarily liable.
Of the debts sought to be recovered by the bill of the bank, and Weaver, trustee, and Underwood, Hawley, on 19th of April, 1862, owed the bank a note, dated 5th of February, 1862, for $1,800, and on this note, Hawley paid 5th of March, 1866, $1,200, and April 9th, 1866, $600, and the complainants seek to recover the balance. And there was due to Underwood & Co., on the 19th of April, 1862, a note dated Movember, 1861, for $260.
■' Besides these two notes, the bank seeks to recover a note dated 27th of April, 1862, for $1,800, and oar an indorsement for Bowman, 6th of January, 1862, for $1,100; on an indorsement for Winn, 8th of December, 1861, $800, and indorsement for Crisp & Morgan, 8th of March, 1862, for $757.80, and on indorsement for same firm, 19th of April, 1862, for $634.
*179 Tiie bill of E. M. Cash, administrator of Mary Bolton, claims two notes, one for $1,200, dated 30th of December, 1858, and the other for $1,475, dated 2d of January, 1860, on both of which Hawley was security of Grant.
The bill of D. E. Cook et al, and Eliza B. Carroll claims for Cook, a debt by note, due 11th of March, 1861, for $3,275, on which was paid 29th of April, 1867, $3,216.10, leaving a- balance of $1,240,29, November, 1867, and E. B. Carroll exhibits two notes on Hawley, one for $1,300, dated 4th of January, 1862, due at twelve months, the other for $1,200, dated 1st of January, 1862, upon which we infer, but do not adjudicate, that about $2,100 have been paid.
The bill of D. H. Townsend, executor, etc., seeks to recover from Hawley two notes of $500 each, dated 28th of May, 1859, upon which Hawley was indorser for G. H. Iienkle & Co.
The bill of Kirtland, and others, seeks to have satisfaction of a judgment obtained March 4th, 1869, for $1,114.80, upon an acceptance by Hawley, 25th of March, 1867.
In order to sustain a voluntary conveyance to a wife or child, the proof must show not merely a sufficiency of property retained to pay the creditors assailing the conveyance, but that ample property was reserved to- pay all existing creditors at the time of'the conveyance. The inquiry is limited to the circumstances of the donor at the time of the execution of the conveyance; such debts as he then owed are to be estimated, but liabilities as an in-dorser, when there is no- evidence that the persons for whom he was liable are unable to pay them, cannot be taken into the account. Bump on E. C., 395.
Of the sums sought to be recovered in this case, Hawley was principal debtor on 19th of April, 1862, as follows: To the bank in the sum of $1,800; to- Cook & Co., $3,275; to E. B. Carroll, $2,500, malting an aggregate of $8,035, and this is probably the balance of his own indebtedness *180 remaining unpaid, and upon these claims lie paid, in 1866 and 1867, upwards of $7,000.
And while we appreciate the force of the argument of complainants’ counsel, that a large show of assets in paper is often deceptive, yet, when we consider the comparative amount of debts and good and available assets, we are satisfied that no' fraud was intended, and that ample means and property were retained by Hawley to pay all indebtedness when the settlement was made.
Doubtless he, in common with others, lost many of his debts, yet the proof shows that he continued actively in business until 1867, and that his credit and standing were unaffected by the conveyance to his wife, which was spread upon the records in two or three days after it was executed.
And it is a very reasonable supposition that at least enough was realized from debts due him, amounting to about $89,000, to pay $12,000 of his debts, leaving unsatisfied the $8,035 sued for in these cases.
But, besides tills, Hawley had, 19th of April, 1862, $9,000 worth of goods; $23,000 worth of land, and negroes valued at $3,000 or $4,000, and retained $19,000 worth of the land undisposed of until 1865 to 1867, more than enough to pay complainants’ claim, which existed April 19th, 1862, twice oxer.
We are of opinion, therefore, that at the time of the settlement made by Hawley upon his wife, no fraud was intended, and that he did reserve ample means for the payment of all his debts, and that the chancellor’s decree must be reversed, and the bills dismissed.